OLLIE WREN v. THE STATE.

No. 4831. Deided January 23, 1918.

1.—Local Option—Evidence—Moral Turpitude—Gaming.

Gaming is not within the category of crimes involving legal or moral turpitude. Nor is a single act of sexual intercourse, pandering under the law, and in an effort to impeach the witness these matters should not have been introduced in evidence.

2.—Same—Evidence—Contradicting Witness.

The written statement of the prosecuting witness, which was in conflict with his testimony on trial, should have been admitted in evidence.

Appeal from the County Court of Hunt. Tried below before the Hon. A. J. Gates.

Appeal from a conviction of the violation of the local option law; penalty, a fine of twenty-five dollars and twenty days imprisonment in the county jail.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $25 and twenty days imprisonment in the county jail.

There was a sharp issue as to whether defendant did or did not sell intoxicants. The defendant took the stand and testified in his own behalf, and was asked many questions by the State as to pending or past cases against him for violation of the criminal laws, one or more felonies, the remainder being misdemeanors. Several of the cases about which he was asked and required to testify were gaming cases. Upon another trial none of these misdemeanor matters will be permitted to be introduced against him by way of impeachment, unless they involve legal and moral turpitude. Gaming has been held not to be within the above category. He was also asked if he had not been charged with pandering. He answered that he did not know. The result of the examination in regard to this matter was that he had been arrested for being found in a room with a woman. This is not pandering. The question was decided in the case of Hewitt v. State, 71 Texas Crim. Rep., 243.

There is another bill of exceptions showing that the witness upon whom the State relied for a conviction had previously signed a written statement in conflict with his testimony delivered upon the trial. This was offered in evidence, but was rejected. While the bill is somewhat informal, upon another trial the written statement of the prosecuting witness, in conflict with his testimony on the trial, should be admitted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*